**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| BERNICE RINK, | ) | |
| | ) | |
| *Plaintiff*, | ) | |
| | ) | |
| v. | ) | Civil Action No. 26-2842 (UNA) |
| | ) | |
| MATTHEW HERTZ, | ) | |
| | ) | |
| *Defendant*. | ) | |

## MEMORANDUM OPINION

This matter is before the Court on consideration of Plaintiff's application to proceed *in forma pauperis* (ECF No. 2) and *pro se* complaint (ECF No. 1). The Court GRANTS the application and DISMISSES the complaint.

The Federal Rules of Civil Procedure require that a complaint contain "'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests[.]'" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). Further, a complaint must "contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570). A claim is facially plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. (quoting *Twombly*, 550 U.S. at 556). Although a *pro se* complaint is "held to less stringent standards than formal pleadings drafted by lawyers," *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam) (internal quotation marks and citation omitted), it "must plead 'factual matter' that permits the court to infer 'more than the mere possibility of misconduct,'" *Atherton v. District of*

*Columbia Office of the Mayor*, 567 F.3d 672, 681-82 (D.C. Cir. 2009) (quoting *Iqbal*, 556 U.S. at 678-79). As drafted, the complaint fails to meet these goals.

Plaintiff's complaint alleges no facts. Its Statement of Claim reads:

> They denied me my rights they lied as officer of the Court they illegally sold my home without giving me first buyers rights they ignored the new deed 2015 so much.

Compl. at 4. Her demand for relief is:

> I want to be made whole, . . . I want my home back or the amount my home is worth now. I really want my home back and let them know that you too have to follow the law.

*Id*.

To put Plaintiff's vague assertions in context, the Court relies on two Superior Court documents attached to the complaint: Memorandum Opinion and Judgment, *Rink v. Estate of Henry Marrow*, No. 23-PR-0691 (D.C. Ct. App. July 22, 2025) (per curiam) (ECF No. 1-2 at 6-11) and Order Granting Motion for Judgment for [the Estate of Henry Marrow] on the Pleadings, Granting Partition of Real Property, Appointing Trustee to Sell the Property, and Ordering Occupants of Real Property to Vacate the Premises by September 1, 2023, *Estate of Henry Marrow v. Bernice Rink*, No. 2023 LIT 5 (D.C. Super. Ct. July 13, 2023) (ECF No. 1-2 at 73-79).

In 2014, Plaintiff and the late Henry Marrow purchased real property in the District of Columbia located at 1 Madison Street, N.E. According to the Deed, Plaintiff and Mr. Marrow held the property as tenants in common. They encumbered the property with three Deeds of Trust. Plaintiff produced a Deed of Trust from 2015 stating that she and Mr. Marrow held the property as joint tenants with right of survivorship. Subsequent Deeds of Trust either classified ownership as tenants in common or were silent as to ownership. Mr. Marrow died intestate in 2020, and Plaintiff continued to reside at the property after his death.

Defendant Matthew Hertz, whom the Superior Court appointed, served as Personal Representative of the Estate of Henry Marrow. The property was heavily mortgaged and by the time Mr. Hertz filed a complaint in the Superior Court seeking a partition sale of the property, it was believed that the outstanding mortgage balance roughly was the same as the property's value.

Plaintiff claimed that she and Mr. Marrow held the property as joint tenants with right of survivorship and, therefore, Mr. Marrow's ownership interest passed to her upon his death. The Superior Court found otherwise. It ruled that Plaintiff and Mr. Morrow were neither spouses nor domestic partners; the operative deed from 2014 indicated Plaintiff and Mr. Marrow owned the property as tenants in common; the Estate of Henry Marrow owned a 50% interest in the property; and the Estate was entitled to partition the property for sale under D.C. Code § 16-2901. The court appointed Mr. Hertz trustee to sell the property and ordered Plaintiff to vacate the property, which was sold in 2024.

Mr. Hertz as the sole Defendant, yet the complaint does not manage to state a claim against him. It appears that Mr. Hertz acted pursuant to Superior Court Orders, and insofar as Plaintiff challenges those Orders, this federal district court is without jurisdiction to hear them. *See, e.g., Klayman v. Rao*, 49 F.4th 550, 552–53 (D.C. Cir. 2022); *Smalls v. United States*, 471 F.3d 186, 192 (D.C. Cir. 2006).

An Order is issued separately.

/s/
AMIT P. MEHTA
United States District Judge

DATE: September 1, 2026